United States Bankruptcy Court
Southern District of Texas

**ENTERED**

June 14, 2022

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 19-35647** |
| **EP ENERGY E&P COMPANY, L.P.,** | § | |
| | § | **CHAPTER 11** |
| Debtor. | § | |
| | § | |
| **MALTSBERGER/STOREY RANCH, LLC,** | § | |
| *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | **ADVERSARY NO. 22-3141** |
| | § | |
| **EP ENERGY CORPORATION,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

## <u>MEMORANDUM OPINION</u>

Six months ago, this Court denied the MSB Owners' request for the allowance of an administrative expense arising from EP Energy's allegedly trespassory operation of mineral leases granted by the MSB Owners. Despite that ruling, the MSB Owners filed suit in Texas state court reasserting the same trespass claim the Court already denied. EP Energy removed the MSB Owners' suit to this Court. The MSB Owners claim that EP Energy's Plan preserved the MSB Owners' right to reassert their trespass claim in Texas state court, and that an impending statute of limitations issue necessitated the suit's filing. The Court's December 14 Memorandum Opinion, the Order denying the MSB Owners' administrative expense claim, and the Confirmation Order precluded the MSB Owners' attempt to relitigate the trespass claim. The MSB Owners violated the Confirmation Order by filing suit in Texas state court. This Adversary Proceeding is terminated.

## BACKGROUND[1]

Early in the COVID-19 pandemic, crude oil prices collapsed.  To limit its exposure to the price collapse, EP Energy shut in producing wells in La Salle County, TX.  The MSB Owners granted the mineral leases on which EP Energy's shut-in wells were located.  Less than 120 days after it shut in the wells, EP Energy brought the wells back online.  The MSB Owners contend EP Energy's decision to shut in producing wells resulted in the mineral Leases' termination.  Despite the Leases' alleged termination, EP Energy continued to operate the wells after they were brought back online.  According to the MSB Owners, EP Energy was trespassing by continuing to operate the previously shut-in wells.

Under Texas law, the MSB Owners could have sued EP Energy in state court if EP Energy's continued operation was, in fact, trespassory.[2]  However, because the shut-in occurred during EP Energy's bankruptcy, the MSB Owners had to seek relief from this Court.  The MSB Owners filed a request for an administrative expense (the "Temporary Cessation Claim").  The MSB Owners were not, however, satisfied with having this Court resolve the request for an administrative expense.  Instead, the MSB Owners repeatedly argued (and still maintain) that because the Temporary Cessation Claim turned on state law rights, this Court was without jurisdiction to resolve the Claim's underlying merits.

Contrary to the MSB Owners' assertion, the Court determined it had both subject matter jurisdiction and constitutional authority to dispose of the MSB Owners' Temporary Cessation Claim.  The Court concluded that, under the Leases' terms, EP Energy's temporary cessation of

---

[1] The Court's December 14 Memorandum Opinion offers a more detailed recitation of this dispute's background.  (Case No, 19-35647, ECF No.  201 at 2–9).

[2] In their application for an administrative expense, the MSB Owners identified only EP Energy (or EP Energy E&P Company, L.P.) as the allegedly liable debtor.  (*See* Case No, 19-35647, ECF No. 201 at 1 n.1).

production did not result in the Leases' termination. That conclusion meant EP Energy's post-shut-in operations were not trespassory. Hence, the Court denied the MSB Owners' request for an administrative expense claim. (Case No. 19-35647, ECF Nos. 201 at 47; 202 at 1).

That denial is now on appeal before the District Court. Notwithstanding the appeal, the MSB Owners filed suit in Texas state court asserting the same Temporary Cessation Claim this Court denied. (*See generally* ECF Nos. 1, 1-1).[3]

EP Energy argues that the MSB Owners' suit violates the Order Confirming EP Energy's Plan of Reorganization. (Case No. 19-35647, ECF No. 260 at 3–4). According to EP Energy, the discharge and injunction provisions in the Plan and Confirmation Order prohibited the MSB Owners' suit. (Case No. 19-35647, ECF No. 260 at 5–10). The Plan expressly satisfied, discharged, and released all pre-Effective Date claims against EP Energy and its affiliate debtors, unless the Plan expressly provided an alternate treatment. (Case No. 19-35654, ECF No. 1114 at 110, 113–14). The Plan also enjoined all parties from commencing any action against EP Energy and its affiliate debtors, unless expressly permitted by the Plan. (Case No. 19-35654, ECF No. 1114 at 111–12). Under the Plan, the MSB Owners maintained their right to seek administrative expense claims "for alleged damages related to postpetition, but pre-Effective Date, actions of the Debtors in respect of the MSB [Leases]." (Case No. 19-35654, ECF No. 1114 at 87). The Plan's MSB-specific provisions also allowed the MSB Owners to retain their "real property interests and equitable remedies under the [Leases]," so long as those remedies did not constitute "Claims." (Case No. 19-35654, ECF No. 1114 at 48, 87).

---

[3] The MSB Owners' state court petition includes claims that EP Energy contends are barred by the Confirmation Order and discharge injunction. (Case No. 19-35647, ECF No. 260 at 2–3). The MSB Owners assert (1) a conversion claim against EP Energy and its affiliates based on hydrocarbons sold after the alleged termination, (2) an unjust enrichment claim against EP Energy and its affiliates, (3) a fraudulent transfer claim against EP Energy and its affiliates, (4) a claim for assisting conversion or fraudulent transfers, and (5) a claim for accounting against EP Energy and its affiliates. (ECF No. 1-1 at 8–18). All the MSB Owners' claims depend on the Leases' termination.

The MSB Owners say that the MSB-specific Plan provisions authorized the state court filing.  (Case No. 19-35647, ECF No. 263 at 2–3).  According to the MSB Owners, the state court suit seeks to vindicate equitable rights, which the Plan preserved.  (Case No. 19-35647, ECF No. 263 at 2–3).  Moreover, the MSB Owners stress that the suit's filing was not intended to subvert this Court's orders, rather it was an attempt to preserve rights threatened by an impending statute of limitations issue.  (Case No. 19-35647, ECF No. 263 at 3–4).  The MSB Owners again characterize their state court claims as post-confirmation claims.  (Case No. 19-35647, ECF No. 263 at 2; *see also* Case No. 19-35647, ECF No. 201 at 12).

After the MSB Owners filed their state court petition, EP Energy removed the lawsuit to this Court.  (ECF No. 1).  EP Energy then moved to enforce the Confirmation Order and strike the MSB Owners' state court petition.  (ECF No. 260).  The Court held a hearing on EP Energy's Motion to Enforce and indicated an intent to grant EP Energy's request relief.  (ECF No. 270).

## JURISDICTION

Title 28, § 1334 vests jurisdiction over this lawsuit in the District Court.  The lawsuit was automatically referred to this Court under General Order 2012-6 (applying 28 U.S.C. § 157(a)).  The Court has the authority to resolve this dispute as it requires the Court to interpret and enforce its prior orders.  *Galaz v. Galaz (In re Galaz)*, 665 F. App'x 372, 376 (5th Cir. 2016) (citing *Nat'l Benevolent Ass'n of the Christian Church v. Weil, Gotshal & Manges, LLP (In re Nat'l Benevolent Ass'n of the Christian Church)*, 333 F. App'x 822, 827 (5th Cir. 2009)) (recognizing a bankruptcy court's inherent authority to interpret and enforce its prior orders); *see also* 28 U.S.C. § 157(b)(2)(A).

**DISCUSSION**

When EP Energy shut in its producing wells on the Leases, the MSB Owners believed those Leases terminated and that EP Energy's subsequent operations were trespassory. The Bankruptcy Code, as well as EP Energy's Plan, granted the MSB Owners a right to seek an administrative expense as recompense for EP Energy's allegedly wrongful conduct. The MSB Owners seized that opportunity and sought this Court's allowance of the Temporary Cessation Claim. Ultimately, the Court denied the MSB Owners' request. Dissatisfied with this Court's decision, the MSB Owners took matters into their own hands by filing a lawsuit in state court alleging substantially the same claim. The MSB Owners violated this Court's Confirmation Order by filing that state court petition.

Under § 1141(a), EP Energy's Plan bound the MSB Owners. *See* 11 U.S.C. § 1141(a) ("[T]he provisions of a confirmed plan bind the debtor, . . . and any creditor . . . whether or not the claim or interest of such creditor . . . is impaired . . . ."). The Plan included MSB-specific provisions that allowed the MSB Owners:

> [T]*o file an Administrative Claim for alleged damages related to postpetition, but pre-Effective Date, actions of the Debtors in respect of the MSB Contracts*; . . . [*and to retain*] *all real property interests and equitable remedies under the MSB Contracts that do not constitute Claims*; provided, however, that [the MSB Owners' filing is] subject to the Administrative Bar Date; and provided, further, that the Bankruptcy Court retains exclusive jurisdiction to determine whether any dispute with respect to the foregoing . . . comprises a Claim, which threshold determination may be heard upon motion of the MSB Owners or the Debtors or Reorganized Debtors, as applicable.

(Case No. 19-35654, ECF No. 1411 at 87 (emphasis added)). This provision preserved the MSB Owners' rights to assert claims against EP Energy based its temporary cessation, as well as the MSB Owners' rights to the real property underlying the Leases and any equitable remedies arising from EP Energy's conduct.

The MSB Owners invoked this provision following the confirmation of EP Energy's Plan. (*See* Case No. 19-35654, ECF Nos. 1480, 1489).[4]  First, the MSB Owners requested an allowed administrative expense for trespass damages arising from EP Energy's post-shut-in, pre-Effective Date operations.  (*See* Case No. 19-35654, ECF No. 1480 at 8–10).  Second, the MSB Owners sought a "threshold determination" that their Temporary Cessation Claim, or at least its underlying merits, did not constitute a "Claim" as defined by EP Energy's Plan.  (*See* Case No. 19-35654, ECF No. 1489 at 4).  Were the Court to determine that the Temporary Cessation Claim (in whole or in part) did not constitute a "Claim" under the Plan, EP Energy's Plan might have authorized the MSB Owners to proceed against EP Energy in state court.  However, if the Temporary Cessation Claim constituted a "Claim" under the Plan, this Court had the exclusive authority to determine the MSB Owners' right to relief.  (Case No. 19-35647, ECF No. 201 at 15–16).

According to the MSB Owners, their right to recover damages related to the Temporary Cessation Claim turned on an equitable right—a reversionary interest in the Leases.  Because their request for an administrative expense depended on an equitable right—which the Plan purportedly left unaffected—the MSB Owners argued they could pursue the Temporary Cessation Claim in state court.  If successful in state court, the MSB Owners could then return to this Court to seek a distribution from EP Energy's estate.  The MSB Owners rely on essentially the same argument here (sans the administrative expense request) to justify their state court action.  (*See* Case No. 19-35647, ECF No. 263 at 2, 4, 6–8, 11–12).

In detail, this Court explained why the Temporary Cessation Claim constituted a "Claim" as defined by EP Energy's Plan.  (Case No. 19-35647, ECF No. 201 at 12, 14–24; *see also* Case

---

[4] The MSB Owners' invocation was consistent with the Administrative Bar Date imposed by the Plan. Otherwise, the MSB Owners' Temporary Cessation Claim would have been barred.  (Case No. 19-35647, ECF No. 201 at 15–16).

No. 19-35654, ECF No. 1411 at 6).  The Court explained that the Temporary Cessation Claim's "equitable element" was subsumed into the Court's allowability determination.  (Case No. 19-35647, ECF No. 201 at 22–23, 22 n.11).  Specifically, the Court concluded it could reach the Temporary Cessation Claim's "equitable element" because the MSB Owners placed the "equitable element" "squarely within the bankruptcy court's core jurisdiction."  (Case No. 19-35647, ECF No. 201 at 23 (quoting *Gomez v. Saenz (In re Saenz)*, 13-70423, 2016 WL 9021733, at *4 (Bankr. S.D. Tex. Dec. 19, 2016), *subsequently aff'd sub nom. Saenz v. Gomez*, 899 F.3d 384 (5th Cir. 2018)) (internal quotation marks omitted)).

Ultimately, the Court determined that EP Energy's temporary cessation of production did not terminate the Leases.  (Case No. 19-35647, ECF No. 201 at 47).  Because the Leases remained in force, they never reverted to the MSB Owners and EP Energy never trespassed on the MSB Owners' land.  (*See* Case No. 19-35647, ECF No. 201 at 47).  The Court denied the Temporary Cessation Claim, precluding the MSB Owners' entitlement to monetary or equitable relief.  (Case No. 19-35647, ECF Nos. 201 at 47; 202 at 1).

The Court's denial forecloses the MSB Owners' attempt to relitigate their Temporary Cessation Claim in Texas state court (or this Court).  The Plan makes clear that the MSB Owners are bound by that decision:

> Upon the Effective Date, except as otherwise expressly provided in the Plan or in the Confirmation Order, *the distributions, rights and treatment to be made under the Plan, shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of Claims, Interests, and Causes of Action of any nature whatsoever*, including any interest accrued on Claims or Interests from and after the Petition Date, *whether known or unknown, against, liabilities of, Liens on, obligations of, rights against, and Interests in, the Debtors or any of their Assets or properties*, regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims and Interests, including demands, liabilities, and Causes of Action that arose before the Effective Date . . . *Each holder . . . of a Claim or Interest, and any affiliate of such holder, shall be*

> *deemed to have forever waived, released, and discharged the Debtors*, to
> the fullest extent permitted by section 1141 of the Bankruptcy Code, of and
> from any and all Claims, Interests, rights, and liabilities that arose prior to
> the Effective Date.

(Case No. 19-35654, ECF No. 1411 at 111–12 (emphasis added); *see also* Case No. 19-35654,

ECF No. 1411 at 113–14).  And the Court's denial of the Temporary Cessation Claim has not been

stayed.[5]

Furthermore, the Plan required the MSB Owners to assert any "Claims" arising from EP

Energy's (or its affiliate debtors') post-petition, pre-Effective Date conduct by the Administrative

Bar Date.   (Case No. 19-35654, ECF No. 1411 at 87).  The MSB Owners' failure to assert such

claims by the Administrative Bar Date would result in the alleged claims' discharge.  (Case No.

19-35654, ECF No. 1411 at 4, 87, 111).  As a result, the MSB Owners would be:

> [*P*]*ermanently enjoined after the entry of the Confirmation Order from*: (i)
> *commencing, conducting, or continuing in any manner, directly or
> indirectly, any suit, action, or other proceeding of any kind* (including any
> proceeding in a judicial, arbitral, administrative, or other forum) *against or
> affecting, directly or indirectly, a Debtor, a Reorganized Debtor*, or an
> Estate or the property of any of the foregoing . . . ; (iv) *acting or proceeding
> in any manner, in any place whatsoever, that does not conform to or comply
> with the provisions of the Plan* to the full extent permitted by applicable
> law; and (v) *commencing or continuing, in any manner or in any place, any
> action that does not comply with or is inconsistent with the provisions of the
> Plan* . . . .

(Case No. 19-35654, ECF No. 1411 at 111–12 (emphasis added)).

In addition to the Temporary Cessation Claim, the MSB Owners asserted other claims in

the state court petition, all arising from EP Energy's post-petition, pre-Effective Date conduct.

---

[5] The Court's prior ruling also forecloses the MSB Owners' state court claims that depend on the Leases'
termination.  *See, e.g.*, *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 801 (Tex. 1994) (citing *Lytle v. Household
Mfg., Inc.*, 494 U.S. 545, 552 (1990)) ("The doctrine of collateral estoppel or issue preclusion is designed to promote
judicial efficiency, protect parties from multiple lawsuits, and prevent inconsistent judgments by precluding the
relitigation of issues.").  That is, the MSB Owners predicate their other state court claims on the Leases' termination.
(ECF No. 1-1 at 11–17).  But, as this Court determined, the Leases did not terminate.  That determination precludes
the MSB Owners from establishing a necessary predicate for their other state court claims.

The MSB Owners assert these claims against EP Energy, as well as its affiliates.  However, the state court petition is the first instance in which the MSB Owners assert these other claims (except for the conversion claim).  (*Compare* ECF No. 1-1, *with* Case No. 19-35654, ECF Nos. 1480, 1489-1).  The MSB Owners' state court petition is also the first instance in which the MSB Owners assert these claims against defendants other than EP Energy.  (*Compare* Case ECF No. 1-1 at 5–7, *with* Case No. 19-35654, ECF Nos. 1480 at 8–10, 1489-1 at 4).  Because the Administrative Bar Date passed, the Plan enjoins the MSB Owners from asserting these other claims against EP Energy or its affiliates.

The Confirmation Order and the Plan bound the MSB Owners to this Court's resolution of the Temporary Cessation Claim.  That resolution foreclosed the MSB Owners' claim to monetary or equitable relief.  The Confirmation Order and Plan also prohibited the MSB Owners from pursuing relief based on EP Energy's post-petition, pre-Effective Date conduct in any forum other than this Court, at any time after the Administrative Bar Date.  The MSB Owners' commencement of a state court action based on such claims violated the Confirmation Order's and Plan's prohibitions.

**CONCLUSION**

The MSB Owners violated the discharge injunction by filing their state court petition.  (*See* ECF No. 1-1).  Adversary Proceeding No. 22-03141 is terminated.  A separate Order will be entered.[6]

SIGNED 06/14/2022

_____

Marvin Isgur
United States Bankruptcy Judge

---

[6] This Memorandum Opinion will be entered in both EP Energy's main bankruptcy and the MSB Owners' Adversary Proceeding because it resolves EP Energy's Motion to Enforce and terminates the offending Adversary Proceeding.